EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 05-00072 DAE |
| Plaintiff, | PARTIES' AGREED UPON JURY INSTRUCTIONS |
| vs. | |
| GREGG V. WOOD, | Trial: May 16, 2006 |
| Defendant. | Time: 9:00 a.m. |
| | Judge: David A. Ezra |

PARTIES' AGREED UPON JURY INSTRUCTIONS

The parties respectfully submit the following proposed joint jury instructions. Both parties reserve the right to submit additional instructions as may be required by matters that arise during the trial. These instructions include the following Standard Jury Instructions for Judge David A. Ezra: 1, 2A, 3A/B, 4, 5, 6, 7, 8, 9, 11, 14A, 15, 16, 17A, 18, and 19A, as well as other proposed jury instructions pertinent to this case.

DATED:  Honolulu, Hawaii, May 10, 2006.

                Respectfully submitted,

                EDWARD H. KUBO, JR.
                United States Attorney
                District of Hawaii


                By /s/ Leslie E. Osborne, Jr.
                   LESLIE E. OSBORNE, JR.
                   Assistant U.S. Attorney



                /s/ Peter C. Wolff, Jr.
                PETER C. WOLFF, JR.
                Attorney for Defendant
                GREGG V. WOOD

STANDARD JURY INSTRUCTIONS OF DAVID A. EZRA

1 DUTY OF JUDGE
2 DUTY TO FOLLOW INSTRUCTIONS
  A Single Defendant
3 REASONABLE DOUBT
  A Where Defendant Does Not Testify (As may be appropriate)
  B Where Defendant Testifies (As may be appropriate)
4 EVIDENCE -- EXCLUDING ARGUMENT OF COUNSEL
5 EVIDENCE -- OBJECTIONS
6 EVIDENCE -- EXCLUDING STATEMENTS OF JUDGE
7 EVIDENCE -- STIPULATION
8 EVIDENCE -- DIRECT AND CIRCUMSTANTIAL
9 EVIDENCE -- CREDIBILITY OF WITNESSES
11 IMPEACHMENT -- GENERALLY
14 IMPEACHMENT OF DEFENDANT
  A General Instruction
15 ON OR ABOUT
16 KNOWINGLY
17 CAUTION -- PUNISHMENT
  A Single Defendant, Single Count in Indictment
18 DUTY TO DELIBERATE
19 VERDICT
  A Verdict Form -- Single Defendant

ADDITIONAL PROPOSED JURY INSTRUCTION

PARTIES’ JOINT INSTRUCTION NO. 1

The defendant is charged in the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused to be used an interstate wire transmission to carry out or attempt to carry out an essential part of the scheme.

An interstate wire transmission is caused when one knows that an interstate wire and radio communication in interstate commerce consisting of a wire signal picture and sound will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the

material wired was itself false or deceptive so long as the transmission was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Ninth Circuit Model Criminal Jury Instruction No. 8.101 (modified).

**CLEAN COPY**

INSTRUCTION NO. ___

The defendant is charged in the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, the defendant used, or caused to be used an interstate wire transmission to carry out or attempt to carry out an essential part of the scheme.

An interstate wire transmission is caused when one knows that an interstate wire and radio communication in interstate commerce consisting of a wire signal picture and sound will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the

material wired was itself false or deceptive so long as the transmission was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.


**CERTIFICATE OF SERVICE**

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address on May 10, 2006:

**Served Electronically through CM/ECF:**

Peter C. Wolff, Jr. peter_wolff@fd.org
Federal Public Defender
300 Ala Moana Blvd., Rm. 7-104
Honolulu, HI 96850

Attorney for Defendant
GREGG V. WOOD

/s/ Gloria Parker