**SANFORD AND TINA MOHR**
73-4787 HALOLANI STREET
KAILUA-KONA, HAWAII 96740

Mr. Leslie E. Osborne, Jr.                                        June 14, 2006
Assistant U.S. Attorney
Chief, Major Crimes Unit
PJKK Federal Building, Rm. 6-100
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

Dear AUSA Osborne:

This letter is written to respectfully request of the Court that the sentencing date for *USA v. Gregg V. Wood*, CR-05-00072 DAE, be changed from October 16, 2006 so as to allow our attendance at the sentencing hearing of Gregg V. Wood. On October 16, 2006, we have a prior commitment requiring us to be out of the country in Europe for work related to Pro Tour Hawaii, Inc. It is imperative for us to attend the annual sport broadcast business convention, SPORTEL, which is scheduled in Europe from October 16 through October 19, 2006. Our attendance at key business meetings at SPORTEL is vitally important in order for us to effectively proceed with business negotiations and the international televising of our sports broadcast property, Pro Tour Hawaii. Prior to the conviction by Federal jury of Mr. Wood, our business could not proceed as a result of Mr. Wood's felony crime perpetrated against our company, Pro Tour Hawaii, Inc., and us personally as well as the numerous other victims harmed by Mr. Wood's scheme.

We mentioned our scheduling conflict to Victim/Witness Coordinator, Mei Chun, and she offered that we could simply supply a written Victim Impact Statement. As victims of this crime we would, however, choose to personally attend and speak at the sentencing hearing with Gregg V. Wood present. It is our understanding that United States Code § 3771 (3) ensures that victims of crime have "the right not to be excluded from any such public court proceeding..." and 18 United States Code §3771 (4) ensures that victims of crime have "the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding".

Further, it is our understanding that the right to be "reasonably heard" means that victims of crime "have the right to allocute at the sentence hearing". [1] As well, it has come to our attention that there exists a 9th Circuit U.S. Court of Appeals Opinion that affirms victims' rights to "allocute at the sentencing hearing". [2] Thus, we do respectfully request that our rights under United States Code § 3771 be afforded us and that the sentencing date for *USA v. Gregg V. Wood* be changed so that we may be personally present to speak at the sentencing hearing.

Although we made a concerted effort to be in attendance in Honorable Judge Ezra's courtroom on May 30, 2006, we were not able to be present at 9:30 am when the guilty verdict in *USA v. Gregg V. Wood* was read. At that time, we could have brought to the Court's attention our conflict with the scheduling

---

[1] *U.S. v. Degenhardt*, No.2:03-CR-00297 PGC (2005)

[2] *Kenna v. US District Court for the Central District of California*, No. 05-73467 (2006)



June 19, 2006 **Deleted:** June 15, 2006

of the October 16th sentencing date. However, on May 30th, due to the fact that it was Memorial Day weekend and very difficult to book interisland flights, we could only get an interisland flight that arrived from Kona to Honolulu at 9:25 am in order for us to be present for public court proceedings at the Federal Courthouse. On the morning of May 30th at 3:56 am, we sent notice via email to Victim/Witness Coordinator, Mei Chun, to inform her of our travel and arrival time and expressed our request to be notified and to be able to attend any and all public court proceedings involving *USA v. Gregg V. Wood*. At 8:27 am on May 30th, Mei Chun sent an email to us confirming receipt of our request to be notified and to be present at any and all public court proceedings. In that email she also spoke to the concern we had expressed regarding the fact that we had not been notified on Friday, May 26th of the 11:45 am public court proceeding even though we were in Honolulu at our own expense and at the Federal Building in the cafeteria with our mobile phones waiting to be notified in order to be present at any court proceedings involving *USA v. Gregg V. Wood*. In the Federal trial of *USA v. Gregg V. Wood*, the jury deliberated from May 24th - May 26th, then reconvened on the morning of May 30th at 9:00 am and apparently reached a verdict at 9:10 am while we were traveling in flight from Kona to Honolulu for the expressed purpose of attending the public court proceedings of *USA v. Gregg V. Wood*.

We sincerely appreciate your immediate attempts when you learned that a verdict had been reached to telephone us including your voicemail notification at 9:20 am on May 30th that the verdict for *USA v. Gregg V. Wood* was to be announced at 9:30 am. Moreover, we appreciate your immediate telephone call to us to inform us of the guilty verdict while we were at the airport in Honolulu. It was very disappointing to us, however, to be excluded from the public court proceeding in which the guilty verdict was announced. As crime victims, we would like to emphasize the significance and importance to us of United States Code § 3771 (2) "the right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused" and United States Code§ 3771 (3) "the right not to be excluded from any such public court proceeding". In this instance, it brings up the question of what is "reasonable" notice or "timely" notice. Is ten minutes enough notice for victims of crime not to be excluded from a public court proceeding? Please understand that we in no way mean to negatively criticize the handling of this matter regarding our exclusion at the reading of the verdict in *USA v. Gregg V. Wood* and we do appreciate the respect and courtesy shown to us in so many ways by you and the staff of the USDOJ, District of Hawaii. Too, we understand as described by Steven J. Twist, Esq., in *Two Good and Perfect Things*, "The precise reasons that victims fail to be afforded all their rights today are complex." [3] We do, however, want to accentuate how vitally important it is for resolute effort to be made for victims of crime to be afforded the basic rights as set forth in United States Code § 3771.

With the above-mentioned being said, we would most appreciate the Court's granting of our request to reschedule the October 16th, 2006 sentencing date so we may, as victims of crime, be present and speak at the sentencing hearing in *USA v. Gregg V. Wood*.

---

[3] Twist, Steven J. *The Crime Victims' Rights Amendment and Two Good and Perfect Things*, 1999, UTAH L. REV. 369

Additionally, it is our understanding that if the defendant is found guilty, United States Code § (a) (4) appears to give the victim the right to be heard regarding the decision whether the defendant will be released pending sentencing.[4]   In that we were not present at the public court proceeding on May 30, 2006 at the time of Mr. Wood's conviction, we were not able to adequately voice our concerns before the Court regarding this matter.

At this time, we wish at minimum to express in writing our serious concerns regarding Gregg V. Wood's release subsequent to his May 30, 2006 felony conviction. We deem that Mr. Wood is now more of a flight risk than ever and poses an increased threat, retaliatory in nature, to us and possibly to our family. Prior to Mr. Wood's Federal felony trial, Gregg V. Wood was of the impression that he could escape conviction by duping a jury and the Court with his audacious misrepresentations, balderdash, and perjurious testimony on the witness stand. That having failed, Mr. Wood, in our view, now seeks an alternate 'exit strategy' to avoid potential incarceration. It has been suggested to us by Federal personnel that Gregg V. Wood's 'close bonding with his son' would prevent him from potentially becoming a fugitive. Mr. Wood's 'close bonding with his son' is far-fetched and we have witnessed first hand how Mr. Wood engages his son, who will become a legal adult next month, to himself participate in illegal activities and schemes. Though Mr. Wood puts forth the front of a 'caring father', our experience of Gregg V. Wood leads us to maintain that he will put on any persona and use any means necessary as he did before a Federal jury and the Court in attempt to charm and use people, even his own son if necessary, even if it means potentially bringing harm to others, while he gains trust and confidence only to con others to further his own self-interest; in this case, to avoid criminal sentencing and potential incarceration. We know Gregg V. Wood to be a talented con man; he is a real and dangerous threat to us and to the public and we consider him, now that he has been found guilty, a definitive flight risk.   We ask that the Court seriously consider and grant our request for the revocation of his release and for Gregg V. Wood to be incarcerated at this time before his Federal sentencing.

Thank you for your time, attention and consideration to our requests and concerns.

Respectfully submitted,

Sanford A. Mohr                Tina A. Mohr

---

4   The Federal Judicial Center. *The Crime Victims' Act of 2004 and the Federal Courts, 2.03* (2005)