PETER C. WOLFF, JR.  # 2332
Federal Public Defender
District of Hawaii
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii  96850-5269
Telephone:  (808) 541-2521
Facsimile:   (808) 541-3545
E-Mail:      peter_wolff@fd.org

Attorney for Defendant
GREGG V. WOOD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 05-00072 DAE |
| | ) |
| Plaintiff, | ) MEMORANDUM IN OPPOSITION |
| | ) TO UNITED STATES' MOTION TO |
| vs. | ) CONTINUE SENTENCING; |
| | ) CERTIFICATE OF SERVICE |
| GREGG V. WOOD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN OPPOSITION**
**TO UNITED STATES' MOTION TO CONTINUE SENTENCING**

Defendant Gregg V. Wood, by and through undersigned counsel, hereby opposes the government's motion to continue sentencing. While Wood acknowledges that this Court has broad discretion to continue the sentencing hearing, he nonetheless objects to the specific reason advanced by the government in its motion for doing so.

The Crime Victims' Rights Act ("the Act"), 18 U.S.C. § 3771, grants eight enumerated rights to "crime victims." None of those rights, it should be noted, include the right to demand or even request a continuance of any court proceeding. Rather, "crime victims" are entitled to reasonable protection from the accused, to reasonable notice of, to not be excluded from, and to be reasonably heard at certain court proceedings, to confer with the government's attorney, to restitution, to proceedings free from unreasonable delay, and to be treated with fairness and respect when it comes to their dignity and privacy. See 18 U.S.C. § 3771(a). The Act, moreover, vests this Court with discretion, at least in cases involving multiple crime victims, to "fashion … reasonable procedure[s]" for giving effect to these rights, so long as they do "not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2). Given the Act's emphasis on not prolonging the proceedings and, too, the discretion that this Court appears to have under the Act, a continuance of the sentencing proceeding for the personal convenience of the Mohrs, so that they can personally "allocute" at sentencing is neither necessary nor required under the Act.

Wood, furthermore, notes that he is convicted of defrauding *a corporation*, not the Mohrs. As such, it is the corporation that is the "crime victim" here for purposes of the Act. As defined in the Act, "the term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense[.]" 18 U.S.C. § 3771(e). This definition mirrors the definition of "victim"

2

for purposes of restitution, and, as such, Wood acknowledges that its reference to "a person" includes corporate or governmental entities.  Cf. 18 U.S.C. § 3663(a)(1)(B)(2).  As, then, is so for purposes of restitution, it is the corporation that, not the Mohrs personally who, may assert any rights given to crime victims under the Act.

If, as seems likely, *one* of the Mohrs opts to represent the corporation, it would seem this Court may allow *one* of them to do so.  But Wood perceives no reason to allow the corporation to have more than one person representing it at the sentencing proceeding.  For that matter, Wood perceives no reason why someone *other* than the Mohrs could not adequately represent the corporate-victim's interests at sentencing under the Act, in the event neither of them cannot personally be present at sentencing.

In sum, the Mohrs are not victims of Wood's crime.  Pro Tour Hawaii, Inc. is the victim.  And neither the Crime Victims' Rights Act nor any other authority Wood is aware of gives even a victim (much less someone who is not a victim) the right to a continuance of a court proceeding.  The government, notably, cites no authority for its vicarious assertion of the Mohrs' request or in support of the Mohrs' insinuation that they are entitled to such a continuance.  Accordingly, while Wood

acknowledges that this Court has the discretion to continue the sentencing hearing, he urges this Court not to do so for reasons advanced in the government's motion.

DATED: Honolulu, Hawaii, June 28, 2006.

/s/ Peter C. Wolff, Jr.
_____
PETER C. WOLFF, JR.
Attorney for Defendant
GREGG V. WOOD

# CERTIFICATE OF SERVICE

I, PETER C. WOLFF, JR., hereby certify that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses on June 28, 2006:

Served Electronically through CM/ECF:

>LESLIE E. OSBORNE, JR.    les.osborne@usdoj.gov
>Assistant United States Attorney
>300 Ala Moana Boulevard, Suite 6100
>Honolulu, Hawaii  96813
>
>Attorney for Plaintiff
>UNITED STATES OF AMERICA

_____
PETER C. WOLFF, JR.
Attorney for Defendant
GREGG V. WOOD