IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00072DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GREGG V. WOOD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE SENTENCING

The Court heard Plaintiff's Motion To Continue Sentencing on July 17, 2006. Assistant United States Attorney Leslie E. Osborne, Jr., appeared at the hearing on behalf of Plaintiff; Federal Public Defender Peter C. Wolff, Jr., appeared at the hearing on behalf of Defendant, whose presence was waived. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Plaintiff's Motion to Continue Sentencing.

BACKGROUND

On February 17, 2005, Defendant Gregg V. Wood ("Defendant") was indicted on one count of Fraud by Wire in violation of 18 U.S.C. § 1343. Defendant was accused of defrauding Pro Tour Hawaii, Inc. ("PTH"), a Hawaii corporation intending to sponsor a series of professional golf tournaments in

Hawaii between January and April of 2001.  Seven of the ten planned tournaments were cancelled due to lack of funds.  Defendant failed to provide the $2.1 million to PTH that his company, Paradise Resort Development Company, had guaranteed.  Defendant also devised a scheme to defraud PTH out of money and property while Defendant was acting as PTH's Chief Financial Officer.  On May 30, 2006, following a jury trial, Defendant was found guilty of one count of fraud by wire.  Defendant is currently scheduled to be sentenced on October 16, 2006.  On June 21, 2006, the Government moved to continue sentencing, to any Monday after October 16, 2006.  On June 28, 2006, Defendant filed an opposition to the motion.

## STANDARD OF REVIEW

In general, the court must impose a defendant's sentence without unnecessary delay.  Fed. R. Crim. P. 32(b)(1).  However, the court may for good cause change any time limits prescribed by the Federal Rules governing the timing of a defendant's sentencing.  See Fed. R. Crim. P. 32(b)(2).

## DISCUSSION

The Government's motion comes at the request of Mr. and Mrs. Sanford and Tina Mohr, the President and the Senior Director of Operations for PTH, respectively.  The Mohrs will be out of the country for previously scheduled business on October 16, 2006.

Under the Crime Victim Rights Act ("CVRA"), crime victims have the right to be reasonably heard at any public proceeding in the district court involving sentencing. 18 U.S.C. § 3771(a)(4). A "crime victim," as defined by the Crime Victim Rights Act ("CVRA"), is "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). The Government argues that the Mohrs are victims of Defendant's criminal conduct and should be allowed to allocute at Defendant's sentencing. Defendant argues that PTH, a corporation, was the direct victim of his crime and not the Mohrs as individuals. As such, Defendant argues that his sentence should not be delayed to accommodate the Mohrs.

Defendant misinterprets the CVRA. The CVRA's definition of "crime victims" also affords individuals who are "proximately harmed" by the Defendant's crime the right to be reasonably heard at his sentencing. Although Defendant's crime may have directly defrauded PTH out of property and money, it also harmed the Mohrs, as individuals, who were misled by Defendant and continue to suffer the resultant effects in their personal and business relationships.

The CVRA was enacted to make crime victims full participants in the criminal justice system, and the Ninth Circuit has found that victims have an indefeasible right to speak at sentencing. Kenna v. United States Dist. Court, 435

F.3d 1011, 1016 (9th Cir. 2006).  The Ninth Circuit has not directly addressed whether this right requires the court to consider delaying sentencing when victims are not available to speak at the scheduled hearing.  Kenna does suggest, however, the importance of a victim's opportunity to allocute, particularly at the time of sentencing.  See id. at 1016-17.

Also instructive, here, is subsection (d)(2) of the CVRA, which directs that in the event "the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure . . . that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).  This subsection gives the Court discretion to determine a reasonable procedure for accommodating crime victims with respect to proceedings covered by the CVRA.

In the instant case, the Government's request to continue the sentencing will delay the proceeding by nine calendar days.  Given the importance of victim allocation as embodied by the CVRA and as recognized by the Ninth Circuit, and as it does not amount to undue complication or prolonging of the proceedings, this Court finds good cause to continue Defendant's sentencing until Wednesday, October 25, 2006 at 1:30 p.m.

CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Continue Sentencing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 17, 2006.



_____
David Alan Ezra
United States District Judge

United States of America v. Gregg V. Wood, CR No. 05-00072 DAE; ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE SENTENCING