**FILED**

**NOT FOR PUBLICATION**

DEC 10 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 04 2008

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10724 |
| Plaintiff-Appellee, | D.C. No. 05-CR-00072-DAE |
| v. | |
| GREGG V. WOOD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted August 14, 2007
San Francisco, California

Before: SILER,** McKEOWN, and BEA, Circuit Judges.

Gregg V. Wood appeals his conviction for wire fraud, in violation of 18

U.S.C. § 1343, his sentence of 21 months of imprisonment, three years of

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

supervised release, and an order to pay restitution. Because we hold that the evidence is insufficient to support his conviction for wire fraud, we reverse Wood's conviction.

## I. Background

The parties are familiar with the facts and thus we recite here only a few foundational facts. In July 2000, Wood reached an agreement with Sanford A. Mohr, founder and CEO of Pro Tour Hawaii, Inc. ("PTH"), to guarantee the prize money and operating expenses for the PTH 2001 International Golf Tour. However, as the opening of the golf tour grew closer, Wood still had not transferred any money to PTH. Wood later became Chief Financial Officer of PTH but at no time was he authorized to transfer PTH funds to his personal account. Yet he did so in January and February 2001. He also wired $5,000 from the PTH account to the attorney for California businessman Donald Courtney in order to entice Courtney to visit Hawaii to discuss a potential investment opportunity, the purchase of the Waikapu Country Club.

## II. Analysis

"When, as in this case, a claim of sufficiency of the evidence is preserved by making a motion for acquittal at the close of the evidence, this court reviews the district court's denial of the motion de novo." *United States v. Carranza*, 289

F.3d 634, 641 (9th Cir. 2002). There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The elements of wire fraud are: (1) a scheme to defraud, (2) the use of the wires in furtherance of the scheme, and (3) a specific intent to deceive or defraud. 18 U.S.C. § 1343; *United States v. Shipsey*, 363 F.3d 962, 971 (9th Cir. 2004). "[T]o be in furtherance of a scheme, the charged mailing or wire transmission need not be an essential element of the scheme, just a step in the plot." *Id.*

There is no doubt that Wood stole $5,000 of PTH's money and wired it to Courtney's attorney. The issue is whether there is sufficient evidence to support the jury's conclusion that the wire transfer to Courtney was done *in furtherance* of the scheme to defraud PTH. After reviewing the evidence, we hold that this is one of those rare situations where a rational trier of fact could not have concluded beyond a reasonable doubt that the transfer was in furtherance of the indicted scheme.

The government indicted Wood on a scheme to defraud PTH. Nevertheless, the wire transfer at issue here was in furtherance of the Waikapu Country Club

venture, an investment opportunity unrelated to PTH. PTH could neither gain nor lose from this venture because it had no interest in the club. Wood paid for the wire transfer with PTH funds he took without authorization. Neither the wire nor Courtney's traveling to Hawaii as a result of the wire played any part in deceiving PTH or Mohr into parting with the $5,000.

The government admitted in its appellate briefs and at oral argument that the wire transfer to Courtney was in furtherance of a difference scheme, one designed to defraud Courtney, not PTH. "We have discretion to consider a statement made in [appellate] briefs to be a judicial admission, binding on both this court and the trial court." *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 557 (9th Cir. 2003) (citations omitted). The government's admission effectively disproves one of the elements required to convict Wood of wire fraud: that Wood's wire transfer to Courtney was in furtherance of the scheme to defraud PTH.

Additionally, the scheme to defraud PTH was complete before Wood made the wire transfer to Courtney. Wires executed after the scheme to defraud has reached fruition do not meet the requirement that the wire be in furtherance of the scheme. *United States v. Maze*, 414 U.S. 395, 402-05 (1974); *Kann v. United*

*States*, 323 U.S. 88, 94 (1944).[1] The United States admitted at oral argument that the "the scheme [to defraud PTH] was perfected" before the wire transfer occurred. Wood executed the wire transfer to Courtney in two distinct steps. First, on January 30, 2001, Wood wrote a check to Bank of Hawaii from PTH's operational expense account in the amount of $5,075. Second, on January 31, 2001, Wood used the funds from that check to wire $5,000 to Courtney's attorney. The theft of the $5,075 marked the end of the scheme to defraud PTH. Because the wire transfer to Courtney was not a "step in the plot" to defraud PTH, it was not in furtherance of the scheme to defraud. *Shipsey*, 363 F.3d at 971.

Conviction REVERSED.

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

JAN 02 2008

by: _____
      Deputy Clerk

---

[1] Although these cases dealt with mail fraud, "[w]ire fraud under section 1343 requires the same showing [as mail fraud] but involves use of United States wires" instead of the United States mails. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997).

```
INTERNAL USE ONLY: Proceedings include all events.
06-10724 USA v. Wood

UNITED STATES OF AMERICA           Leslie E. Osborne, Jr., Esq.
     Plaintiff - Appellee          FAX 808/541-2958
                                   808/541-2850
                                   Ste. 6-100
                                   [COR LD NTC aus]
                                   USH - OFFICE OF THE U.S.
                                   ATTORNEY
                                   PJKK Federal Building
                                   300 Ala Moana Blvd.
                                   P.O. Box 50183
                                   Honolulu, HI 96850

   v.

GREGG V. WOOD                      Peter C. Wolff, Jr., Esq.
     Defendant - Appellant         FAX 808/541-3545
                                   808/541-2521
                                   Ste. 7104
                                   [COR LD NTC afp]
                                   FPDHI - FEDERAL PUBLIC
                                   DEFENDER'S OFFICE (HONOLULU)
                                   PJKK Federal Bldg.
                                   300 Ala Moana Blvd.
                                   Honolulu, HI 96850-5269
```